LAW OFFICE OF HOWARD NEU, P.A.
Howard Neu (Florida Bar No. 108689)
Howard@NeuLaw.com
4839 S.W. Volunteer road
Suite 512
Southwest Ranches, Florida 33330
Telephone: 954-662-1816
Facsimile: 954-337-2324
Attorney for Plaintiff

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

STANLEY PACE, an individual

Plaintiff,

v.

YUMIKO, LLC, a New York
Limited Liability Corporation

Defendant

Case No. 4:15-cv-00879

COMPLAINT FOR:

[1] DECLARATORY RELIEF LANHAM ACT, 15 U.S.C. §1114(2)(D)(iv)

[2] REVERSE DOMAIN NAME HIJACKING ANTICYBERSQUATTING CONSUMER PROTECTION ACT, 15 U.S.C. § 1114](2)(D)(v)

Plaintiff, Stanley Pace ("Pace" or "Plaintiff"), for his Complaint against Yumiko, LLC, ("Yumiko" or "Defendant"), alleges as follows:

## JURISDICTION AND VENUE

1. This is a civil for Declaratory Judgment under the Lanham Act, 15 U.S.C. §§ 1114(a) and 1125(a); and reverse domain name hijacking in violation of the Anticybersquatting Consumer Protection Act, 15 U.S.C. § 1114(2)(D)(v).

2. This Court has personal jurisdiction over Defendant as it has consented to jurisdiction by this court in Paragraph [15] of its complaint with the World Intellectual Property Organization (WIPO) in accordance with Paragraph 3(b)(xii) of the Uniform Domain Dispute Resolution Policy (UDRP) of the International Committee of Assigned Names and Numbers (ICANN).

3. Venue in this Court exists as Plaintiff is a resident of Denton County, Texas, and, pursuant to 28 U.S.C. § 1391(b)(1) and (c), as Defendant is deemed a resident of this District for venue purposes, as well as under subsection (b)(2) because a substantial part of the events giving rise to the claims alleged in this Complaint occurred in this District.

## PARTIES

4. Plaintiff, Stanley Pace, is an individual residing at 4700 Nantucket Court, Flower Mound, Texas 75022.

5. On information and belief, Defendant, Yumiko, LLC is a New York Limited Liability Corporation having its principal place of business at 256 W. 36th Street, 8th Floor, New York, New York, 10018.

## NATURE OF THE CONTROVERSY

6. This is an action for Declaratory Judgment and certain other statutory remedies under the Trademark laws of the United States and the Anticybersquatting Consumer Protection Act ("ACPA") 15 U.S.C. §1125(d) and 15 U.S.C. §1114(2)(D). The Plaintiff is the registrant of the internet domain name YUMIKO.COM. The domain name has been suspended by the registrar, Fabulous.com, and is at immediate risk of being transferred away from Plaintiff by, and as a result of, the actions of Defendant, which claims trademark rights and certain other rights with respect to the term and the domain name YUMIKO.COM. The Plaintiff seeks a determination by this court that the Plaintiff's registration and/or use of YUMIKO.COM is not, and has not been in violation of ACPA and that Plaintiff's use of YUMIKO.COM constitutes neither an infringement, a threat of dilution of Defendant's trademark nor a violation of the ACPA.

## FACTS COMMON TO ALL CLAIMS OF RELIEF

7. This case involves "reverse domain name hijacking," which occurs when an individual or an entity may allege that it is the owner of a trademark and assert spurious claims of trademark infringement and trademark dilution against the owner of a domain name whose chosen domain name is similar or identical to the registered trademark. Defendant is attempting to wrest control of Plaintiff's domain name by

asserting baseless allegations of trademark infringement, trademark dilution and cybersquatting.

8. Plaintiff is in the business of acquiring and using for business purposes, various surname domain names as and when they become available, for leasing or email services.

9. The disputed Domain Name YUMIKO.COM was originally registered in 1997. Pursuant to his business plan, Plaintiff purchased and registered the domain name on or about February 13, 2010, in good faith at which time (and at all times subsequent thereto) he believed and has had reasonable grounds to believe that the use of the domain name was a fair use or otherwise lawful, and has "parked" it with reputable monetizers, RookMedia.net and SEDO.com for many years.

10. The design and word trademark for YUMIKO (Registration No. 3,673,943) was initially filed in 2008 and registered in 2009 by an entity called "YUMIKO EUROPA. S.A." with the United States Patent and Trademark Office ("USPTO") in connection with goods and services of clothing for dance and sports. Subsequently in 2015, the trademark was assigned to the Defendant.

11. "Yumiko" is a generic Japanese word for "beautiful child" and is a feminine given name for approximately 300,000 people. See EXHIBIT A attached.

12. On April 19, 2015, Plaintiff received an email from SEDO.COM, wherein the Defendant offered $10,000 to purchase Yumiko.com. See EXHIBIT B attached. Plaintiff did not respond to the offer

13. On September 21, 2015, Defendant filed a Complaint thereby initiating an arbitration proceeding against Plaintiff with the World Intellectual Property Organization ("WIPO") in accordance with the Uniform Domain Name Dispute Resolution Policy ("UDRP") adopted by the Internet Corporation for Assigned Names and Numbers ("ICANN") against the Plaintiff for the domain name YUMIKO.COM. On or about September 21, 2015, the registrar of the domain name, Fabulous.com disabled, suspended and "locked" the domain name, thereby prohibiting Plaintiff from utilizing the domain name in accordance with the uses typically enjoyed by a registrant of a domain name. The action to disable, suspend and "lock" the domain name was in accordance with the UDRP and associated procedures.

14. On December 9, 2015, the WIPO panel assigned to the case rendered a decision requiring the transfer of the domain name to Defendant. (WIPO case No. D2015-1669). As of the date of the filing of this complaint, the domain name continues to be disabled, suspended and "locked" pending the transfer of the registration to the Defendant on January 4, 2016, pursuant to the UDRP decision.

15. The reasons stated in the ruling of the arbitrators represent a significant departure from the written standards contained in the UDRP in that Defendant did not prove that

(1) Plaintiff had bona fide trademark rights in the domain name or in terms included in the domain name (for purposes of the federal trademark laws that are applicable to the proceeding), (2) Plaintiff had no legitimate interest in the domain, or (3) that Plaintiff had registered and/or used the domain name in bad faith.

16. Plaintiffs use of the term as a domain name has not traded upon any goodwill or reputation enjoyed by Defendant as it relates to the services that Defendant offers, nor is there any possibility of confusion between the services offered by Defendant (1) to its members and/or to the general public.

17. Plaintiff's use of YUMIKO.COM as his chosen domain name is a fair or otherwise lawful use of the term.

18. At no time, did Plaintiff trade upon or use Defendant's trademarks for the word "Yumiko".

19. At no time did the Plaintiff register or use the domain name YUMIKO.COM in "Bad Faith" as defined by 15 U.S.C. §1125.

20. Because of the actions of Defendant, and its claims of trademark infringement, dilution and violation of the ACPA Plaintiff faces losing valuable rights in his Internet domain name.

21. Due to the impending transfer of the domain name to the Defendant pursuant to the Decision by the WIPO Panel, Plaintiff is now forced to bring this action to protect his

rights in his intellectual property. Plaintiff had to retain counsel and has had to incur substantial fees and costs to bring this suit.

22. Defendant trademark owner who prompted the domain name to be transferred has notice of the action.

23. Because WIPO has directed that the YUMIKO.COM domain name be transferred to Defendant, this Court has jurisdiction under 15 U.S.C. §1114(2)(D)(v) to determine whether Plaintiff's registration and use of YUMIKO.COM is unlawful under the ACPA and the Lanham Act.

24. Based on the facts set forth herein, an actual controversy has arisen and now exists between Plaintiff and Defendant regarding whether or not Plaintiff's use of the term YUMIKO.COM as his domain name infringes Defendant's trademarks and/or constitutes trademark dilution and/or can serve as the basis for any relief under any Federal or state law.

25. Plaintiff has never sold, transferred, trafficked in or offered to sell the domain name.

26. At all times Plaintiff utilized the domain name in a bona fide manner for bona fide purposes.

27. Plaintiff did not have any intent to divert consumers from the mark owner's online location to a site accessible under the domain name that could harm the goodwill represented by the mark, either for commercial gain or with the intent to tarnish or

disparage the mark, by creating a likelihood of confusion as to the source, sponsorship, affiliation, or endorsement of the site.

28. Plaintiff did not provide material and misleading false contact information when applying for the registration of the domain name. Plaintiff did not fail to maintain accurate contact information with respect to the domain name in question or with respect to any other domain name.

29. Plaintiff's use of YUMIKO.COM as his chosen domain name is a fair or otherwise lawful use of the term.

30. Because of the actions of Defendant, and its claims of trademark infringement and dilution, Plaintiff faces losing valuable rights in his Internet domain name.

## FIRST CLAIM FOR RELIEF

### Declaratory Judgment – Lanham Act, 15 U.S.C. §§ 1114(a) and 1125(a)

31. Pace incorporates by reference the factual allegations set forth in Paragraphs 6 through 30 above.

32. The ACPA, provides a cause of action for a registrant whose domain name has been suspended, disabled, or transferred by which the registrant may sue for a declaration that the registrant is not in violation of the Act and for an injunctive relief to the domain name registrant, including the reactivation of the domain name. 15 U.S.C. § 1114(2)(D)(v).

33. Section1114(2)(D)(v) provides a registrant who is threatened with the loss of his domain name under the UDRP with a cause of action for an injunction returning the domain name if the registrant can show that the registrant is in compliance with the ACPA.

34. Defendant does not have any exclusive use of the mark nor did it have such a right at the time Plaintiff registered the domain name.

35. Plaintiff did not register the domain name YUMIKO.COM with the bad faith intent to profit from the goodwill of defendant's trademark.

36. Plaintiff has at all times, been in compliance with the ACPA and has not violated the ACPA (or engaged in Cybersquatting activity) pursuant to the ACPA.

37. As such, Plaintiff is entitled to have the unencumbered use of the domain name YUMIKO.COM and to have the domain name reactivated and to have any and all suspensions or transfers terminated and prohibited.

38. In the UDRP action, Defendant intentionally misrepresented and fraudulently stated in its complaint that Plaintiff had been using the domain name YUMIKO.COM to compete with Defendant's business and that Plaintiff used links to Defendant's competitors on a "parked" page, when the truth was that from acquisition to date, to the best of Complainant's knowledge, there were no links to competitors of Defendant on the YUMIKO.COM web site; these allegations misrepresented by Defendant to the

UDRP Panel were the expressed cause of the WIPO panel to require Plaintiff to transfer the Domain Name to Defendant.

39. Defendant's business was not well known or well searched when Plaintiff purchased the domain, so there was no risk of competing ads showing up as "popular searches". Thus, Plaintiff's good faith registration and use was known by the Defendant, yet, Defendant did not take any action to acquire the domain name until five (5) years after Plaintiff acquired it.

40. The Defendant fraudulently claimed to the UDRP Panel that the disputed Domain Name was used intentionally to attract, for commercial gain, Internet users to the Plaintiff's website or other on-line location, creating the possibility of confusion with the mark of the Defendant as to the source or commercial origin of those products, though knowing that there were no products being promoted by Plaintiff.

41. As a direct and proximate result of Defendant's wrongful conduct, Pace has been and will continue to be damaged.

42. Unless this Court issues a Declaratory Judgment that Plaintiff is entitled to maintain registration of his Domain Name, YUMIKO.COM, the transfer of the Domain Name to Defendant will damage Plaintiff irreparably. Pace has no adequate remedy at law.

43. Defendant's acts make this an exceptional case under 15 U.S.C. §1117(a), and Pace is thus entitled to an award of attorney's fees and costs.

44. Alternately, Pace is entitled to elect statutory damages instead of actual damages and profits, pursuant to 15 U.S.C. §1117 (c).

## SECOND CLAIM FOR RELIEF

### Anticybersquatting Consumer Protection Act – 15 U.S.C. §1114(2)(D)(iv)

45. Pace incorporates by reference the factual allegations set forth in Paragraphs 6 through 31 above.

46. Section 1114(2)(D)(iv) provides that when a registrar takes an action to transfer a domain name "based on a knowing and material misrepresentation by any other person that a domain name is identical to, confusingly similar to, or dilutive of a mark, the person making the knowing and material misrepresentation shall be liable for any damages, including costs and attorneys' fees, incurred by the domain name registrant as a result of such action."

47. Section 1114(2)(D)(v) provides a registrant may "file a civil action to establish that the registration or use of the domain name by such registrant is not unlawful under this Act." Under this section, a "court may grant injunctive relief to the domain name registrant, including the reactivation of the domain name or transfer of the domain name back to the domain name registrant."

48. Pace's registration and use of the domain Name YUMIKO.COM was not unlawful under Title 15, United States Code, § 1114(2)(D)(v).

## PRAYER FOR RELIEF

A.  Order Fabulous.com to take all action necessary to enable the domain name YUMIKO.COM, to reactivate the domain name, to discontinue any suspension of the domain name, and to refrain from transferring the domain name from Plaintiff to Defendant;

B.  For a declaration from this Court that Plaintiff's registration, use and possession of the domain name YUMIKO.COM neither infringes defendant's trademarks, nor dilutes the trademarks in any manner nor constitutes a violation of any Federal or State law;

C.  For a declaration from this Court that Plaintiff may continue to use and enjoy his chosen domain name without interference of any type by the Defendant;

D.  For injunctive relief prohibiting defendant from interfering with or challenging Plaintiff's registration, possession or use of the subject domain name;

E.  For attorney's fees and costs incurred by the Plaintiff in bringing this action; and

F.  For such other relief as this Court may deem just and proper.

This 30th day of December, 2015.

By: ___"/s/" Howard Neu "/s/"_____
Howard Neu, Esq.
Florida Bar No. 108689
Law Office of Howard Neu, P.A.
4839 S.W. Volunteer Road
Suite 215

Southwest Ranches, FL 33330
Phone: 954-662-1816
Facsimile: 954-337-2324
Howard@NeuLaw.com
**Counsel for Plaintiff**